UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | 1:06-cv-1622-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER CONSTRUING PLAINTIFF'S |
| | ) | OBJECTIONS (DOC. 5) AS A |
| | ) | STATEMENT OF INTENT TO PAY THE |
| v. | ) | FILING FEE |
| | ) | |
| MARY ALLHISER, et al., | ) | ORDER TRANSFERRING CASE TO THE |
| | ) | NORTHERN DISTRICT OF CALIFORNIA |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

The complaint was filed on November 14, 2006. However, Plaintiff initially neither paid the $350.00 filing fee[1] nor submitted an application to proceed in forma pauperis. The Court directed Plaintiff to file a completed application to proceed in forma pauperis or to pay the filing fee. Plaintiff filed

---

[1] The filing fee for civil actions is $350.00. 28 U.S.C. § 1914, as amended effective April 8, 2006. Pub. L. 109-171, 120 Stat. 4, February 8, 2006.

1

objections, in which he stated that he intended to pay the filing fee. Because no findings and recommendations or other document was pending to which objections were appropriately filed, the Court CONSTRUES Plaintiff's objections (Doc. 5, filed December 15, 2006) as a statement of intent to pay the filing fee.

However, on December 26, 2006, Plaintiff filed an application to proceed in forma pauperis.

Upon further review of the complaint, which is only partially legible, the Court has determined that Plaintiff is complaining of malicious prosecution, unlawful search and seizure, withholding of evidence, and perjury in connection with the conduct of a district attorney in San Mateo concerning a prosecution in the San Mateo Superior Court in Redwood City, and the conduct of an officer or officers in the police department of Pacifica as well at another location not appearing to be situated within the Eastern District of California.

The basis for subject matter jurisdiction in this Court is unclear. However, with respect to venue, the federal venue statute generally requires that a civil action, whether based only on diversity of citizenship or on other grounds, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(a), (b). If there is no district in which the action may otherwise be brought, a civil action may be brought in a judicial district in which any defendant is otherwise subject

to personal jurisdiction or may be found. § 1391(a),(b).

In this case, none of the defendants appears to reside in this district. The claim appears to have arisen in the Northern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   January 3, 2007**             /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE